**Robert BIALKIN, Petitioner,**

v.

**Benjamin F. BAER, Cameron M. Batjer, Dorothy Parker, A.J. Keller, Jr., Dr. Robert B. Vincent, Cecil C. McCall, Audrey A. Kaslow, and Benjamin J. Malcolm, Commissioners of the United States Parole Commission; Norman A. Carlson, Director of the Bureau of Prisons; and Robert A. Gunnell, Warden, F.C.I., Danbury, Respondents.**

Civ. No. B–82–459.

United States District Court,
D. Connecticut.

Oct. 18, 1982.

Opinion on Motion to Vacate Dismissal and for Writ of Habeas Corpus
Feb. 10, 1983.

Ruling on Motion to Reconsider
Feb. 25, 1983.

Robert Bialkin, pro se.

Barry K. Stevens, Asst. U.S. Atty., Alan H. Nevas, U.S. Atty., Bridgeport, Conn., for respondents.

### RULING ON PETITION FOR HABEAS CORPUS

DALY, Chief Judge.

In May of 1981, while petitioner was on federal parole, he was arrested in Montreal, Canada, and pled guilty to a misdemeanor charge of possessing $600 worth of stolen travelers' checks. After serving the very short sentence imposed, petitioner was arrested for violating the conditions of his parole while en route to report to his parole officer in Boston. The alleged violations of parole were: 1) receiving stolen goods in the amount of $600; 2) leaving the district without permission; 3) associating with a person having a criminal record.

Petitioner was sent to F.C.I., Danbury, where, on August 17, 1981, he admitted the three violations listed above to a hearing examiners panel. A member of the panel referred vaguely to a "report" that petitioner had admitted to the arresting officer

in Canada that he (petitioner) had had in his possession not just $600, but $7000 worth of stolen travelers' checks. Petitioner denied ever having made such admission, and asked to see any report indicating that he had made such a statement. His request was denied.

The hearing panel's report, issued on September 4, 1981, determined petitioner's salient factor score to be a "3" and that his new criminal conduct was of "moderate severity because it involved $7000 worth of money orders which [petitioner] transported interstate." The parole guidelines indicate a customary service of from 24 to 32 months for a person with a salient factor score of 3 who has committed an offense of "moderate" severity. See 28 C.F.R. § 2.20. The hearing panel concluded that, "[a]fter review of all relevant factors and information presented, a decision outside the guidelines does not appear warranted." The panel ruled that petitioner's incarceration should continue to a presumptive parole date of February 14, 1984, after service of the maximum 32 months.

The sole offense petitioner was charged with in Canada was possession of $600 worth of stolen travelers' checks. The parole violation charge was based on his possessing $600 worth of travelers' checks, leaving the district without permission, and associating with a person with a criminal record. Had petitioner's offense severity been based on those charges, rather than on the apparently unsubstantiated charge that he had possessed $7000 worth of stolen checks, the rating would have been "low" severity, with a guideline range, given a salient factor score of 3, of 12 to 16 months, instead of the 24 to 32 months the panel determined was appropriate. Petitioner's presumptive parole date would then have been October 18, 1982.

Petitioner's administrative appeal of the panel's decision was rejected and the decision was affirmed by both the Regional Commissioner and the United States Parole Commission. Petitioner then filed this petition for habeas corpus relief.

The government, in its initial response, informed the Court that the Parole Commission, upon further review, had concluded that there was insufficient evidence in the record to support the hearing panel's finding that petitioner was involved with $7000 worth of stolen checks. The government asked that the petition be dismissed without prejudice to afford the Parole Commission an opportunity to schedule a special review hearing "on the next available docket." The Court was further informed that the "next available docket" would be October 21, 1982, three days after the latest date on which he would be scheduled to be paroled under the guidelines for a "low" severity offense.

There is no dispute here that petitioner's offense—possession of $600 worth of stolen checks—is classified as a "low" severity offense under the applicable Guidelines. See 28 C.F.R. § 2.20, Adult Guidelines for Parole Decisionmaking (property offenses, such as possession of stolen property with a value of less than $2000 classified as "low" severity). And, where the offender's salient factor score is "3", the Guidelines indicate that incarceration should normally continue for a period of from 12 to 16 months.

However, the Parole Commission does have authority "[w]here the circumstances warrant [to render] decisions outside the guidelines (either above or below)..." 28 C.F.R. § 2.20(c).

Despite its initial ruling that a decision outside the guidelines was not warranted, the only possible reason for the October 21st hearing which the Commission is now seeking to hold must be to determine if a decision outside the Guidelines is warranted, given the proper offense severity guideline range.[1] Although the Commission previously determined that, given the guideline range of 24 to 32 months which it initially

---

1. The government, in its Initial Response, characterized the purpose of the hearing as one to "*re-examine* the offense severity of Petitioner's parole violation behavior." However, the severity of an offense is fixed by the guidelines; it is only the length of time which a prisoner will have to serve that is open to a discretionary judgment by the Commission.

believed was proper, a decision above the guidelines was not called for, it could determine, if circumstances warranted, that a decision above the proper guideline range of 12 to 16 months would be called for. The affidavit accompanying the government's supplemental response indicates that the hearing panel believed, and informed petitioner orally of its belief, that, regardless of the actual severity of the offense, petitioner should be required to serve approximately 32 months because of his alleged "pattern of fraudulent behavior." Affidavit of Henry J. Sadowski, Regional Counsel, U.S.P.C.

The Court is hesitant to grant the government's request to dismiss the present petition to permit the Commission to hold a new hearing since the hearing is scheduled *after* the latest date on which petitioner should be eligible for parole for a "low" severity offense under the Guidelines, and no determination has been made that a decision beyond that date is warranted. (Indeed, a contrary decision has already been reached once.) Moreover, the Commission had at least two opportunities to discover the error in the hearing panel's determination, and it is only at this late date, after the present petition had been filed, that it recognized the error and set about correcting it.

Nonetheless, in view of the information in the affidavit of Mr. Sadowski, which indicates that, had the panel determined that petitioner fell within the 12 to 16 month guideline range, it might have decided to go above the guidelines, the Court will grant the government's request and dismiss the petition without prejudice to permit the Commission an opportunity to conduct a new hearing to determine if a decision above petitioner's proper guideline range is warranted. The Commission is cautioned, however, that it may not use the same factors in first determining the appropriate guideline range (i.e. the offense severity and salient factor score) and again in determining whether a decision outside the Guidelines is warranted. *Lupo v. Norton,* 371 F.Supp. 156 (D.Conn.1974). The Commission's findings, and the reasons therefore shall be submitted to the petitioner in writing. The instant petition is dismissed without prejudice to petitioner's seeking review of the Commission's determination if circumstances warrant such review.

SO ORDERED.

## ON MOTION TO VACATE DISMISSAL AND FOR WRIT OF HABEAS CORPUS

This petition is back before this Court after a reluctant remand to the Parole Commission "to determine if a decision *above petitioner's proper guideline range is* warranted." (*Bialkin v. Baer, et al.,* Ruling Oct. 18, 1982). The facts are sufficiently set forth in this Court's prior ruling and are incorporated by reference here. Suffice it to say that the offense upon which petitioner's current incarceration is based is possession of $600.00 worth of stolen traveller's checks.

His criminal conduct was initially classified as "moderate severity" because of an unsubstantiated charge that he had possessed $7,000.00 worth of stolen checks. While petitioner's initial petition was pending in this Court, the Parole Commission determined that there was insufficient evidence in the record to support the hearing panel's finding that petitioner was involved with anything more than $600.00 worth of stolen property—an offense which the guidelines indicate is classified as "low severity", 28 C.F.R. § 2.20. Under the guidelines, a prisoner such as petitioner, with a salient factor score of "3" whose offense severity is rated as "low" should serve 12 to 16 months in prison, rather than the 24 to 32 months the initial hearing panel determined petitioner should serve. Given that guideline range, petitioner's presumptive parole date should have been October 18, 1982, at the very latest. (See this Court's prior Ruling, filed October 18, 1982.)

Nonetheless, the Court granted the Parole Commission's request that it be afforded an opportunity to hold a special review hearing. Although the government characterized the purpose of that hearing as one to re-examine petitioner's offense severity,

the Court's Ruling specified that it was allowing the remand simply to determine whether a decision above the Guideline range was warranted. As the prior ruling notes, a prisoner's offense severity is set by the Guidelines, and the Guidelines clearly indicate that petitioner's offense was one of low severity.

The special review hearing was held on October 20, 1982 and, instead of simply determining whether a decision above the "low severity" guidelines was warranted, the hearing panel determined that petitioner's offense merited a "low-moderate" severity rating "because these checks are seen by the panel as being more than simple stolen property, but more like stolen securities, which is specifically listed in the low-moderate category." Given a "low-moderate" severity rating and a salient factor score of "3", petitioner would normally be required to serve 16 to 22 months in prison. However, the panel went on to recommend that petitioner serve an additional 10 months above the guidelines because, according to the panel, petitioner had a "pattern of check and securities fraud" and, thus, the subject is a worse parole risk than indicated by his salient factor score." Exhibit B to Government's Response.

The Parole Commission adopted the hearing panel's "low-moderate" severity rating as well as its determination that a decision above the Guidelines was warranted because petitioner is "a poorer risk than indicated by [his] salient factor score." Exhibit C to Government's Response. However, the Parole Commission reduced the time to be served over the guidelines to five months instead of ten.

Petitioner has now moved to vacate this Court's prior judgment dismissing the petition without prejudice and to renew his petition for a writ of habeas corpus.

■ The Parole Commission abused its discretion in reclassifying petitioner's offense severity as low-moderate. The Parole Guidelines specifically classify "Property offenses (theft, income tax evasion, or simple possession of stolen property) less than $2,000.00," as "low-severity." 28 C.F.R.

§ 2.20. "Low-Moderate" severity property offenses include "forgery/fraud/theft from mail/embezzlement/interstate transportation of stolen or forged securities/receiving stolen property with intent to resell ... less than $2,000." There was no allegation, nor a shred of evidence, that petitioner's offense fit within the first four of the "low-moderate" property offense categories. The hearing panel's reasoning that traveler's checks are "more like stolen securities" is simply irrelevant unless the checks were transported interstate. Again, there was never an allegation nor any evidence that the $600.00 worth of stolen traveller's checks were transported interstate—by petitioner or, for that matter, by anyone else. Finally, there was never an allegation nor any evidence that petitioner received the checks "*with intent to resell.*" Petitioner's offense, at least the one with which he was charged, was simple possession of $600.00 worth of stolen traveller's checks, which as the Court has previously, and, contrary to the government's assertion, *accurately* ruled, constitutes an offense of *low severity* under the parole guidelines. Either the Guidelines mean something or they do not; the Parole Commission is not free to fabricate elements of an offense just so that it can fit a particular offense into a higher severity rating than it would be if the Guidelines were properly applied. The rationales asserted first by the special review panel and then adopted by the Parole Commission lead to an unmistakable inference that the Commission was bound and determined to reach the same result it had initially and erroneously reached by whatever method necessary. It is absolutely clear to this Court that the Parole Commission inaccurately classified petitioner's offense severity as low-moderate when under any plausible reading of the Guidelines, his offense can only be classified as "low" severity.

■ The Parole Commission's determination that petitioner should serve five months above the Guidelines must also be overturned as an abuse of discretion. The reasons given by the Commission for going above the Guidelines were that (1) this was

petitioner's seventh conviction in 15 years for check or stock fraud; and (2) it occurred less than three months after petitioner's release on parole.

In the first place, petitioner's offense—*possession* of stolen traveller's checks—does not strictly involve any fraud at least on petitioner's part. Furthermore, although this Court cautioned the Commission in its earlier ruling that it could not consider the same factors in determining whether to go above the Guidelines as it did in arriving at petitioner's Guideline range, that appears to be precisely what the Commission did. According to the Commission's own Procedures Manual, a prisoner's salient factor score is computed in large part on the basis of his or her prior record. *See,* U.S. Parole Commission, "Rules and Procedures Manual" (Mar. 1, 1982), p. 128. Thus, the Commission presumably considered petitioner's previous record when it assigned him a salient factor score of "3". The same holds true for the Commission's second stated reason. *See id.* at p. 131. The Commission thus presumably relied on the same factors in determining petitioner's Guideline range as it did in deciding to go above the Guidelines. *Lupo v. Norton,* 371 F.Supp. 156 (D.Conn.1974) prohibits this essentially double penalty. Moreover, if petitioner's prior record was so bad that it could not be accurately reflected in computing petitioner's salient factor score, that would have been equally true in petitioner's first round of hearings and appeals to the Commission. Yet at that time, the Commission specifically determined that there was *no* reason to go above the Guidelines. Petitioner's prior record and recent prior confinement are not reasons to go *above* the Guidelines when they have already been considered in arriving at those Guidelines. In addition to rating petitioner's offense severity too high, the Commission abused its discretion in deciding to go above Guidelines by five months.

■ Petitioner began serving his sentence on August 17, 1981. As previously noted, if petitioner's Guideline range of 12 to 16 months had been accurately computed from the beginning, the latest possible date he should have been freed on parole was October 18, 1982. Nearly four months have now passed and petitioner remains in prison because of what this Court views as a refusal by the Commission to admit or adequately correct its error.

The petition for habeas corpus relief is granted.

The Commission is ordered to establish an appropriate parole release plan for petitioner within two weeks of the date of this ruling and to release petitioner according to that plan no later than two weeks from the date of this ruling.

SO ORDERED.

### RULING ON MOTION TO RECONSIDER

The record in this case is closed. Having been given at least three opportunities to correctly determine and support petitioner's proper parole release date, it is too late in the day for the Parole Commission to now attempt to come forward with additional evidence (i.e. the "Kruger" affidavit and attachments) to support its latest determination particularly since the information contained in the newly submitted affidavit was presumably available to the Commission from the start of this entire proceeding.

The motion to reconsider, alter, or amend this Court's previous decision and the judgment is, accordingly, denied.